C. DOWD, TRUSTEE vs. B. and G. M. COATES and R. A. SPRINGS.

When a party conveys by deed certain real estate in trust to secure the creditors therein named, and afterwards makes another deed conveying the said real estate, with other property, in trust to secure a number of creditors whose names are set forth in a schedule attached, with this further proviso: " Being desirous of placing all the creditors of the said party of the first part upon a basis of equality, so far as their rights are concerned, and in case it should turn out that any creditors of said party have been omitted in said schedule, it is hereby expressly declared that such creditors, so ommitted, shall be allowed to share equally in the benefits of this trust with those expressly named ;" *Held*, that upon a fair construction of the latter deed, creditors named in the the first are entitled to no part of the fund raised under the second deed:

1st. An intention to make a further provision for the former class of creditors, at the expense of the latter class, is very improbable, and by the rules of construction, which are merely deductions of common sense, a construction to give effect to an intention which is improbable and unreasonable must be excluded, unless such intention is expressed in plain and direct words.

2d. The words "in case it shall turn out that any creditor has been omitted in said schedule, such creditor or creditors so omitted shall share equally with those expressly named," are appropriate to express an intention to include one or more creditors whose names had been accidentally omitted, but inappropriate to include a large number whose debts had already been provided for.

3d. The provision, that all the creditors should be on a basis of equality, would be a mockery, if the creditors of the first class were to come in, without accounting for the amounts received under the first deed.

This was a case agreed, submitted to his Honor, *Logan, J.,* at Spring Term, 1872, of Mecklenburg Superior Court.

The following are the facts agreed and submitted to his Honor : The Rock Island Manufacturing Company executed an assignment in trust to T. W. Dewey, attached to the complaint, marked "B," and another marked "C," in both of which it

18

secured certain creditors represented by defendant Springs. Another assignment was made, marked "A," and there is a fund of several thousand dollars in plaintiff's hands, to be distributed. It is further agreed, that the property embraced in B and C has been sold, and failed to pay the debts therein provided for in full. That the debts of Coates & Coates are mentioned in the schedule attached to A, and the debts provided for in B and C are not mentioned in said schedule.

The question presented to the Court is, whether the creditors secured in deeds B and C can participate in the distribution of the funds in plaintiff's hands. His Honor rendered this decision : " It is clear, that by the terms of deeds B and C the creditors therein named, would not be entitled to any part of the fund, arising from the sale of the property or collections secured in deed A. Therefore, it depends upon deed A. It is the opinion of the Court that the proper construction of deed A is, that the creditors mentioned in the schedules marked "A," "B," "C" and "D," as well as all the creditors *not provided* for in B and C, shall share equally in the benefits of the trust fund mentioned in deed A."

From this ruling the defendants B. & G. Coates appealed to the Supreme Court.

Inasmuch as the deeds mentioned are simply referred to as exhibits B, C and D, it may be proper to set out their substance. Deed B conveys to the trustee, Dewey, certain real estate in the town of Charlotte, including a lot upon which is situated a factory for the manufacture of woolen goods, machinery, &c. Another town lot is also embraced. This conveyance is in trust for the purpose of securing a loan of $40,000, which the company had effected by issuing bonds to that amount, in sums of five hundred and one hundred dollars, payable to the trustee, or bearer. The trustee had a power of sale upon non-compliance with the condition of the deed. The second deed conveyed the same property in trust, with the addition of other real estate not included in

the first deed, to secure an additional loan of $20,000, subject to the first mortgage of $40,000.

The deed marked and referred to as exhibit A, conveys to the plaintiff as trustee, " all the estate of the corporation, consisting of realty, personalty and choses in action ;" the real estate, subject to the first and second mortgages, previously mentioned as Exhibits B and C. This deed, after setting out the names of a large number of creditors and the amounts due in the schedules attached, marked "A," "B," "C" and "D," has this clause: " Being desirous of placing all of the creditors of said party of the first part upon a basis of equality, so far as their rights are concerned, and, in case it should turn out that any creditors of said party have been omitted in said schedules, it is expressly declared that such creditors so omitted shall be allowed to share equally in the benefit of this trust with those expressly named." This deed also conveys the residuary interest in the property conveyed by deeds B and C, after satisfying the creditors thereby secured.

*C. Dowd,* for plaintiff.
*Bailey,* for B. and G. M. Coates.
*J. H. Wilson,* for Springs.

PEARSON, C. J. Our conclusion is, that the creditors secured by the deeds B and C are not included among the creditors secured by deed A, and consequently that the creditors embraced in deeds B and C are entitled to no part of the fund raised under deed A.

The clause under which it is insisted that the deed A embraces the creditors secured by deeds B and C is as follows : After setting out the names of a large number of creditors and the amounts due in the schedule attached, marked A, B, C and D, it proceeds, and (the party of the first part) " being desirous of placing all of the creditors of said party of the first part upon a basis of equality, so far as their rights are con-

cerned, and in case it should turn out that any creditors of said party have been omitted in said schedule, it is hereby expressly declared, that such creditor or creditors so omitted shall be allowed to share equally, in the benefits of this trust, with those expressly named." We think the words, "and *in case it should turn out that any creditors of said party has been omitted in said schedule,* &c.," have no reference whatever to the creditors, who had been secured by the deeds B and C. This conclusion in regard to the construction of deed A is based upon three considerations:

1. Deed A was made for the purpose of closing up the corporation, known as the Rock Island Manufacturing Co. It conveys everything that the Company owned either in possession or in action, and among other things it sets out, and assigns the residuary interest of the corporation in the property conveyed by deeds B and C, after satisfying the creditors thereby secured. So it appears that the trustor was confident that the creditors secured by deeds B and C were not only fully provided for, but that there would be an excess of the fund under both deeds, to go in aid of the payment of the debts secured by deed A, in regard to the sufficiency of which fund some doubt seems to have been entertained; so an intention to make a further provision for the former class of creditors, at the expense of the latter class, is very improbable, and by the rules of construction, which are merely the deductions of good sense, a construction, to give effect to an intention which is improbable and unreasonable, must be excluded, unless such intention is expressed in plain and direct words.

2. The words, "in case it shall turn out that any creditor has been omitted in said schedule, such creditor or creditors so omitted shall share equally with those expressly named," are appropriate to express an intention to include any one or more of the creditors, whose debts had not been presented and whose names had been overlooked or accidentally omitted in making out the lists A, B, C and D, but are altogether inap-

propriate, to express an intention to include a very large number of creditors, whose debts had been already provided for by the deeds B and C, and whose names could not have been overlooked or accidentally omitted ; for, in another part of the deed, these creditors are expressly referred to, and were in the mind of the maker of the deed at the time of its execution. Had such been the intention, instead of introducing it by the words, "in case it shall turn out, &c.," as some small matter that might have accidentally occurred and would not make much difference, it would naturally have been ushered in by the announcement of the fact, that a large number of creditors, set out in deeds B and C, may not have been sufficiently provided for, and it was the intention to let them share equally with the creditors named in the schedule attached to deed A.

3. It is expressly set out in deed A, that it was the intention of the corporation to provide, that all of its creditors should share equally in the distribution of the funds of the corporation, and if there should be a loss that it should be shared *pro rata.*

To effect this purpose, had it been the intention to include in deed A the creditors who had been already provided for, at all events by a very large fund, it would have been necessary and proper to insert a provision, that in the distribution of the fund realized under deed A, the creditors secured under deeds B and C should not be let in until the creditors secured only by deed A had received the same per centum of their debts as had been received by the other creditors under deed B and C. Without a provision to this effect, the idea of a purpose that all of the creditors of the corporation should share equally, would be a mockery.

It is not necessary to enter into the view taken of the case, on the supposition that deed A did include the creditors secured by deeds B and C.

There will be an order that the fund be distributed among the creditors secured by deed A, and that the creditors secured by deeds B and C take no part of that fund.

Per Curiam.         Judgment accordingly.